UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 14-564(DSD/SER)

Jared McLafferty,

       Plaintiff,

v.                                                      **ORDER**

Safeco Insurance Company
of Indiana,

       Defendant.

    Mark A. Smith, Esq. and Wrobel & Smith, PLLP, 1599 Selby
    Avenue, Suite 105, St. Paul, MN 55104, counsel for
    plaintiff.

    Brendan R. Tupa, Esq. and Law Offices of Thomas P. Stilp,
    Golden Hills Office Center, 701 Xenia Avenue South, Suite
    220, Minneapolis, MN 55416, counsel for defendant.


This matter is before the court upon the motion to strike by defendant Safeco Insurance Company of Indiana (Safeco). Based on a review of the file, record and proceedings herein, and for the following reasons, the court denies the motion.


**BACKGROUND**

This contract dispute arises out of injuries sustained by plaintiff Jared McLafferty in a September 2012 motor vehicle accident while he was a passenger in a vehicle driven by non-party Matthew White. Compl. ¶ 3. On the date of the accident, McLafferty was insured under a Safeco policy providing underinsured motorist coverage. Id. ¶ 4. Progressive Drive Insurance, which

insured White, tendered its limit of $30,000 in liability coverage to McLafferty in October 2013.  Id. ¶¶ 7, 10.   The Progressive payment was inadequate to fully compensate McLafferty for his injuries and damages.  Id. ¶ 13.  McLafferty notified Safeco of his intent to claim underinsured motorist benefits and submitted several such claims.  Id. ¶¶ 11, 14.   Safeco declined to pay according to the policy limits, offering McLafferty an unspecified lesser amount in compensation.  Id. ¶¶ 14-16.

On February 14, 2014, McLafferty filed this action in Minnesota state court, alleging breach of contract.  Safeco timely removed, and moves to strike several paragraphs of the complaint.

**DISCUSSION**

Safeco moves to strike paragraphs 14, 15, 16 and 17 of the complaint[1] under Rules 8(a)(2) and 12(f).  McLafferty responds that

---

[1] In relevant part, the complaint states:

14. Plaintiff has made demands upon Safeco for payment of the available policy limits due to the fact that the damages and compensation to which he is entitled are far in excess of the available limits.  Safeco has refused to pay its policy limits and offered amounts far below the damages and compensation to which Plaintiff is entitled.

15. Safeco has not offered any facts or reasonable basis for denying its obligations to pay the damages and compensation to which Plaintiff is entitled.  There is no reasonable basis for Safeco's denials.

16. Safeco knows of the lack of a reasonable basis for denying the benefits of the insurance policy or is acting in reckless disregard of the lack of a reasonable basis

the paragraphs contain properly asserted allegations that comply with federal pleading rules and Minnesota Statutes § 604.18.

## A.    Rule 8

Safeco first argues that paragraphs 14, 15, 16 and 17 should be stricken because they violate Rule 8(a)(2).  Rule 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Where a pleading fails to provide such a statement, the court may strike the complaint or a portion of it.  See Schmidt v. Hermann, 614 F.2d 1221, 1224 (9th Cir. 1980).  Specifically, Safeco argues that the challenged paragraphs relate to an as-yet unpleaded claim for taxable costs under Minnesota Statues § 604.18 and, thus, do not show that McLafferty is entitled to relief on the breach of contract claim.

As an initial matter, though the challenged paragraphs may ultimately relate to a § 604.18 claim, they may also relate to the breach of contract claim.  Under Minnesota law, a "claim of breach of contract requires proof of three elements: (1) the formation of a contract, (2) the performance of conditions precedent by the

---

for denying the benefits of the insurance policy.

17. Safeco's conduct and refusal to honor its policy obligations are in violation of Minn. Stat. § 604.18 and upon leave of this Court, Plaintiff will plead for relief and all damages available under the statute.

Compl. ¶¶ 14-17.

plaintiff, and (3) the breach of the contract by the defendant." Thomas B. Olson & Assocs., P.A. v. Leffert, Jay & Polglaze, P.A., 756 N.W.2d 907, 918 (Minn. Ct. App. 2008) (citations omitted). Each of the paragraphs at issue refers in part to demands for payment by McLafferty or denials for payment by Safeco, and are potentially relevant to the underlying breach of contract claim.

Further, § 604.18 allows taxable costs if the insured can show: "(1) the absence of a reasonable basis for denying the benefits of the insurance policy; and (2) that the insurer knew of the lack of a reasonable basis for denying the benefits of the insurance policy or acted in reckless disregard of the lack of a reasonable basis to do so." Friedberg v. Chubb & Son, Inc., 800 F. Supp. 2d 1020, 1025 (D. Minn. 2011) (Keyes, M.J.) (citation omitted). According to the statute,

> [u]pon commencement of a civil action by an insured against an insurer, the complaint must not seek a recovery under this section. After filing the suit, a party may make a motion to amend the pleadings to claim recovery of taxable costs under this section. The motion must allege the applicable legal basis under this section for awarding taxable costs under this section, and must be accompanied by one or more affidavits showing the factual basis for the motion.

Minn. Stat. § 604.18, subdiv. 4(a). McLafferty argues that he has complied with the statute because the complaint specifically excludes a request for recovery under the statute. See Compl. ¶ 17 ("[U]pon leave of this Court, Plaintiff will plead for relief and all damages available under [§ 604.18].").

4

A plaintiff may not assert a claim under § 604.18 in a complaint without first obtaining leave of the court.  See Gordon v. State Farm Fire & Cas. Co., No. 11-3176, 2012 WL 3848409, at *5 (D. Minn. Aug. 17, 2012) (Brisbois, M.J.), adopted by 2012 WL 3854971 (Sept. 5, 2012).  The two-step procedure requires the court "to exercise a gate-keeping function to review these claims before they can proceed."  Friedberg, 800 F. Supp. 2d at 1024.  Section 604.18 does not, however, expressly bar any reference to facts that may ultimately be relevant to a claim thereunder.  As a result, the court declines to read such a requirement into the statute.  See United States v. Jones, 811 F.2d 444, 447 (8th Cir. 1987) ("If the wording of a statute is plain, simple, and straightforward, the words must be accorded their normal meanings ... and it is appropriate to assume that the ordinary meaning of those words accurately expresses the legislative purpose." (citations omitted)).

Further, when a plaintiff moves to amend the pleadings to claim recovery under the section, he must submit affidavits "showing the factual basis for the motion."  Minn. Stat. § 604.18, subdiv. 4(a).  The plaintiff has the "burden to come forward with the evidence sufficient to make the requisite showing of bad faith under the statute ... [in order to] open the gate to recovery."  Friedberg, 800 F. Supp. 2d at 1025 (citation omitted).  While discovery is not limited to claims expressly raised in the pleadings, it "is guided by the allegations raised in the complaint

and the defenses asserted." <u>Haber v. ASN 50th Street, LLC</u>, 272
F.R.D. 377, 380 (S.D.N.Y. 2011); <u>see also</u> Fed. R. Civ. P. 26(b)(1).
If the court were to adopt the rule urged by Safeco, plaintiffs
would be barred from alleging facts relevant under § 604.18.  Such
limitation could curtail discovery and prevent satisfaction of the
statutory burden.  As a result, the argument based on Rule 8(a)(2)
is without merit.

**B.   Rule 12**

Safeco next argues that the challenged paragraphs should be
stricken because they contain "immaterial, impertinent, or
scandalous matter." Fed. R. Civ. P. 12(f).  "Judges enjoy liberal
discretion to strike pleadings under Rule 12(f)." <u>BJC Health Sys.</u>
<u>v. Columbia Cas. Co.</u>, 478 F.3d 908, 917 (8th Cir. 2007) (citation
omitted).  "[S]triking a party's pleadings is an extreme measure
and ... [Rule 12(f) motions] are viewed with disfavor and are
infrequently granted."  <u>See</u> <u>Stanbury Law Firm, P.A. v. IRS</u>, 221
F.3d 1059, 1063 (8th Cir. 2000) (citations and internal quotation
marks omitted).  "A matter is immaterial or impertinent when not
relevant to the resolution of the issue at hand." <u>Kay v. Sunbeam</u>
<u>Prods., Inc.</u>, No. 2:09cv-4065, 2009 WL 1664624, at *1 (W.D. Mo.
June 15, 2009) (citations and internal quotation marks omitted).
"Material is scandalous if it generally refers to any allegation
that unnecessarily reflects on the moral character of an individual
or states anything in repulsive language that detracts from the

dignity of the court." Id. (citations and internal quotation marks omitted).

Here, the challenged paragraphs are not immaterial or impertinent. Even matters that are not "strictly relevant" to the underlying claim should not necessarily be stricken if they provide "important context and background to [a plaintiff's] suit" or pertain to the object of the suit. See Stanbury, 221 F.3d at 1063. "Matter will not be stricken unless it clearly can have no possible bearing on the subject matter of the litigation .... If there is any doubt whether the matter may raise an issue, the motion should be denied." Haynes v. BIS Frucon Eng'g, Inc., No. 4:08-CV-701, 2008 WL 4561462, at *1 (E.D. Mo. Oct. 10, 2008) (citations omitted). As already explained, the paragraphs potentially relate to the breach of contract claim. Further, the paragraphs are not remotely scandalous. Indeed, courts finding scandalous matter have encountered much more egregious statements than those here. See, e.g., Hildebrandt v. Veneman, 233 F.R.D. 183, 184 (D.D.C. 2005) (striking as scandalous notice suggesting that opposing counsel wished plaintiff's counsel physical harm or death). As a result, paragraphs 14, 15, 16 and 17 are not immaterial, impertinent or scandalous and the motion to strike portions of the complaint on the basis of Rule 12(f) is denied.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that the motion to strike [ECF No. 5] is denied.


Dated:  May 16, 2014


s/David S. Doty
David S. Doty, Judge
United States District Court